# UNITED STATES DISTRICT COURT
## for the
### MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

| | |
|---|---|
| **ANDREW HAWRYCH, M.D.** | ) |
| | ) **CIVIL ACTION** |
| Plaintiff, | ) |
| | ) |
| v. | ) **Case No.: 2:21-cv-00830-SPC-MRM** |
| | ) |
| **NUTRA-LUXE, M.D., LLC,** | ) **District Judge: Hon. Sheri Polster** |
| **NUTRALUXE GLOBAL, LLC,** | ) **Chappell** |
| **LASH OPCO, LLC** and | ) |
| **PETER VON BERG**, | ) **Mag. Judge: Hon. Mac R. McCoy** |
| | ) |
| Defendants. | ) |

### DEFENDANTS, NUTRA-LUXE, M.D., LLC'S AND PETER VON BERG'S MOTION TO DISMISS PLAINTIFF, ANDREW HAWRYCH, M.D.'S AMENDED COMPLAINT (ECF NO. 54)

Defendants, NUTRA-LUXE, M.D., LLC ("Nutra-Luxe") and PETER VON BERG ("Mr. Von Berg"), by and through their undersigned counsel and pursuant to FED. R. CIV. P. 12(b)(6), file their Motion to Dismiss Counts II and IV of Plaintiff, ANDREW HAWRYCH, M.D.'S ("Plaintiff" or "Hawrych") Amended Complaint (ECF No. 54), as follows:

### STATEMENT OF RELIEF REQUESTED

Counts II and IV of Plaintiff's Complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6). Plaintiff fails to plead plausible, legally sufficient claims for relief against Nutra-Luxe and Mr. Von Berg.

13406963.1

## STATEMENT OF BASIS FOR REQUEST

1. On November 8, 2021, Plaintiff filed his initial Complaint in this action. *See* ECF No. 1. On November 10, 2021, Nutra-Luxe and Mr. Von Berg were served with the Complaint. *See* ECF No. 12.

2. On February 18, 2022, this Court entered an Order granting Plaintiff, Andrew Hawrich's Motion for Leave to File and Amended Complaint, directing that an Amended Complaint be filed no later than February, 25, 2022. *See* ECF No. 53.

3. Plaintiff, Hawyrch filed his Amended Complaint on February 24, 2022. *See* ECF No. 54.

4. Nutra-Luxe and Mr. Von Berg now file their Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) as to Counts II and IV of the Amended Complaint for failing to state claims upon which relief can be granted.

## MEMORANDUM OF LAW IN SUPPORT OF REQUEST

### I. FEDERAL PLEADING STANDARDS REQUIRE SUFFICIENT FACTUAL ALLEGATIONS TO RAISE A RIGHT TO RELIEF ABOVE THE SPECULATIVE LEVEL.

To survive a Rule 12(b)(6) motion, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must accept Plaintiff's well-pled facts as true and construe the Amended Complaint in the light most favorable to it. *Id.*

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Bare assertions" that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681. Further, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quotations and citations omitted).

"When it comes to accepting as accurate an exhibit attached to a complaint, [courts] follow the same general pleading standards that apply under Federal Rule of Civil Procedure 8." *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 514 (11th Cir. 2019). "[M]ere conclusory statements[ ] do not suffice." *Id.* (citing *Iqbal*, 556 U.S. at 678). "[W]hen exhibits attached to a complaint contradict the general and conclusory allegations of the pleading, the exhibits govern." *Id.* "Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint." *Id.* (citations omitted).

## II. COUNTS II AND IV OF PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED.

Count II and IV of Plaintiff's Amended Complaint are comprised of facially insufficient legal claims and vague legal conclusions couched as

3

13406963.1

factual allegations and represent nothing more than an "unadorned, the-defendant-unlawfully-harmed-me accusation" of the *Iqbal* variety. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A.  **Plaintiff Fails to State A Cause of Action under FLSA**

Count II purports to be a claim under the Fair Labor Standards Act (29 U.S.C. § 206(a), *et seq.*).[1]  Count II is an improper attempt to transform Plaintiff's alleged breach of contract suit into a federal wage and hour claim. Plaintiff is an exempt professional who has no claim under the FLSA.  Even if this exemption does not apply, Plaintiff still fails to plausibly plead that either Nutra-Luxe or Mr. Von Berg were Plaintiff's "employer."  Count II should be dismissed with prejudice.

#### 1.  *Plaintiff, a Licensed Medical Doctor, Cannot Use the FLSA to Enforce His Purported Oral Agreement.*

Foremost, the "FLSA is not a vehicle for litigating breach of contract disputes between employers and employees." *Brown v. Suncoast Skin Solutions, Inc.*, No. 6:17–cv–515–Orl–28TBS, 2017 WL 2361649, at *2 (M.D. Fla. Apr. 26, 2017) (dismissing physician's FLSA claim with prejudice).

---

[1] Count II also contains a threadbare legal conclusion that "Defendants violated the FLSA *as well as the Florida Labor Laws* by failing to pay Hawrych his full and proper compensation," although it is not clear which "labor laws" Plaintiff attempts to sue under, assuming he is even attempting to assert a separate state law claim under Chapter 448 of the Florida Statutes. *See* Compl., ¶ 71 (Emphasis added).

4

13406963.1

The purpose of Plaintiff's lawsuit is clear. Plaintiff wishes to recover what he asserts is a contractual entitlement to ten percent of the value of Nutra-Luxe's sale to Lash OpCo, which Mr. Von Berg Purportedly agreed to pay as compensation for Plaintiff's services to Nutra-Luxe as a licensed physician. Plaintiff cannot bring an FLSA claim — which Congress enacted to protect minimum wage, hourly employees — to seek compensation for purported work he provided in connection with an alleged "sweat equity" deal that he claims was violated.

Furthermore, the Amended Complaint's allegations place Plaintiff squarely within the unambiguous language of the FLSA's "professional" exemption. "Whether an employee meets the criteria for an FLSA exemption, although based on the underlying facts, is ultimately a legal question." *Id.* (citation omitted). "[B]ecause Plaintiff is a medical doctor," he "is exempt from FLSA coverage as a 'professional.'" *Id.* (citing 29 U.S.C. § 213).

Plaintiff's mere assertion that he was a nonexempt employee because "the researching and development of these products is not considered the providing of medial service as a practicing medical doctor" is without merit and a mere conclusory statement. *See* Compl., at ¶¶ 55-56. Plaintiff seems to ignore his own assertions that, as a licensed medical doctor, he "gave PVB and NLMD the ability to incorporate the well-known acronym M.D. into the company name," and allowed Nutra-Luxe to add a statement to the products

5

stating "physician developed/formulated because of Hawyrch's involvement." *See* Compl., ¶¶ 19-20. Indeed, Plaintiff pleads that, according to the agreement, he was to be paid for "research and development work" *Id.* at ¶ 13. Assuming, *arguendo*, Plaintiff was an "employee," it was in his capacity as a medical doctor. For these reasons, Plaintiff's FLSA claim must be dismissed, with prejudice.

### 2. *Plaintiff Fails to Plausibly Plead that He Was a Nutra-Luxe Employee of Any Kind.*

Even if Plaintiff is not an exempt professional, his claims still fail. The minimum wage provisions of the FLSA apply only to workers who are "employees" within the meaning of the Act. 29 U.S.C.§ 206(a)(1). Under the FLSA, an "employee" is defined as "any individual employed by an employer." 29 U.S.C.§ 203(e)(1). An "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency." 29 U.S.C.§ 203(d). Federal courts look to the economic reality of the relationship between the parties in order to determine whether an individual FLSA defendant is an "employer" subject to FLSA liability. *Baltzley v. Berkley Group, Inc.*, No. 10–61194, 2010 WL 3505104, at *3 (S.D. Fla. Sept. 3, 2010). The Eleventh Circuit has explained that the economic reality test includes whether the alleged employer: (1) had the power to hire and fire the employees, (2) supervised and controlled employee

6

13406963.1

work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir.1997).

Plaintiff fails to plausibly plead the existence of an employee-employer relationship between Plaintiff and Nutra-Luxe. Instead, Plaintiff apparently believes himself to be a 10% *owner* of Nutra-Luxe. *See* Compl., ¶ 17 (pleading Plaintiff was offered and accepted "ten percent (10%) of NLMD"); In his Amended Complaint, Plaintiff attempts to plead facts "showing" that Nutra-Luxe was his "employer" — *i.e.*, that Nutra-Luxe had the ability to fire Plaintiff, supervised or controlled Plaintiff's purported work schedules or conditions of employment, determined a rate of compensation for Plaintiff's purported hourly work, or maintained records of Plaintiff's purported "employment." *See* Compl., ¶ 66. The Amended Complaint contains nothing more than a formulaic recitation of the factors of the economic reality test. "Bare assertions" that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. Plaintiff does not offer *any* factual assertions, that would evidence there is an employer – employee relationship.

   3.   *Mr. Von Berg is not Personally Liable to Plaintiff.*

Foremost, Plaintiff fails to actually identify Mr. Von Berg's status within Nutra-Luxe. At best, Plaintiff alleges that Mr. Von Berg is the

7

"owner" of Nutra-Luxe. *See* Compl., ¶¶ 14-17.  To the extent the Complaint could be read to assert Mr. Von Berg is an officer, the law is well-settled in the Eleventh Circuit that "status as a corporate officer alone is insufficient to render an individual an 'employer' to hold the officer personally liable for unpaid wages." *Santos v. Cuba Tropical, Inc.*, 829 F. Supp. 2d 1304, 1312 (S.D. Fla. 2011) (applying relevant tests for officer liability under FLSA and entering summary judgment in favor of corporate officer).

Count II fails to plead a facially plausible claim against Mr. Von Berg. Plaintiff fails to sufficiently plead that Mr. Von Berg was involved in the day-to-day operations of Nutra-Luxe, or that he had any "direct responsibility" for supervising the Plaintiff.  Plaintiff also fails to plead sufficient factual allegations showing that Mr. Von Berg had the power to fire Plaintiff, set his work schedule (because Plaintiff does not plausibly plead the existence of one), determine the rate and method of payment, or that Mr. Von Berg maintained employment records reflecting Plaintiff's employment. Again, what the Plaintiff has pled are "[b]are assertions" that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. *See* Compl., ¶¶ 61-65. Plaintiff offers no factual allegations that rise beyond a speculative level.

For all of these reasons, Count IV should be dismissed with prejudice.

8

## B.     Count II Fails to State a Cause of Action For Negligence

Plaintiff attempts to state a cause of action for negligence against Nutra-Luxe and Mr. Von Berg because of a purported ordinary duty of care to disclose "to Lash and Global the existence of the corporate structure and the fact that Hawrych was due his ten percent (10%) upon the closure of the sale." *See* Compl., ¶ 90. There are generally four recognized bases for imposing a duty of care: (1) legislative enactments or administration regulations; (2) Judicial interpretations of such enactments or regulations; (3) other judicial precedent; and (4) a duty arising from the general facts of the case. *Wallace v. Dean*, 3 So. 3d 1035 (Fla. 2009).

Plaintiff is unable to point to any legislative enactments, administrative regulation, or judicial precedent that would impose a duty upon Nutra-Luxe or Mr. Von Berg. The only possible case that the Plaintiff can make for imposing a duty of care upon Nutra-Luxe and Mr. Von Berg is that the duty arises from the general facts of the case. "When a defendant's conduct creates a foreseeable zone of risk, the law generally will recognize a duty [to all within the zone] placed upon [the] defendant either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk poses." *Lewis v. City of St. Petersburg*, 260 F. 3d 1260, 1263 (11th Cir. 2001). The selling of a company does not create a foreseeable risk of harm to others. It is unclear whether the Plaintiff is asserting that he

9

was owed a duty of care as an employee as he argues he is in Count II, or as an 10% owner in the company. Notwithstanding, Plaintiff has failed to adequately show that he is owed a duty of care by Nutra-Luxe or Mr. Von Berg.

Even assuming *arguendo*, that Plaintiff has established that Nutra-Luxe and Mr. Von Berg owed him a duty of care, Plaintiff's claim for negligence is barred by the independent tort doctrine. Specifically, "[t]o bring a negligence claim under Florida law, a party must demonstrate that 'the tort is independent of any breach of contract claim.'" *Burdick v. Bank of America, N.A.*, 99 F. Supp. 3d 1372, 1378 (S.D. Fla. 2015) (quoting *Tiara Condo. Ass'n Inc. v. Marsh & McLennan Companies, Inc.*, 110 So. 3d 399, 408-09 (Fla. 2013). *See also Dorvil v. Nationstar Mortg. LLC*, 2019 WL 1992932 at *17 (S. D. Fla. Mar. 26, 2019) (holding that when "a contract has been breached, a tort action lies only for acts independent of those acts establishing the contract's breach."); *Prewitt Enters., LLC v. Tommy Constantine Racing, LLC*, 185 So. 3d 566, 569 (Fla. 4th DCA 2016) (finding that Justice Pariente's concurrence in *Tiarra* "made clear that a tort still must be independent from a contractual breach under the common law").

Plaintiff's negligence action is not distinguishable from or independent of the breach of contract claim. The purported breach of duty stems directly from an alleged failure to disclose the very same verbal contract Plaintiff is

10

13406963.1

seeking recovery under in Count III of the Amended Complaint. Accordingly, Count IV of the Amended Complaint must be dismissed.

### III. CONCLUSION

WHEREFORE, and by reason of the foregoing, Defendants, NUTRA-LUXE, M.D., LLC and PETER VON BERG respectfully request that this Court: 1) dismiss Counts II and IV of Plaintiff's Amended Complaint; and 2) grant all such other and further relief as this Court deems just and appropriate.

Respectfully submitted, this 10th day of March, 2022.

        **HAHN LOESER & PARKS LLP**
        2400 First Street, FL 33901
        Fort Myers, FL 33901
        Phone: (239) 337-6700
        Fax: (239) 337-6701

        By: */s/ Theodore L. Tripp, Jr.*
        **THEODORE L. TRIPP, JR., ESQ.**
        *Lead Counsel*
        Florida Bar No. 221856
        ttripp@hahnlaw.com
        roliver@hahnlaw.com
        fl-eservice@hahnlaw.com
        **JOEL W. HYATT, ESQ.**
        Florida Bar No. 106401
        jhyatt@hahnlaw.com
        mhawkins@hahnlaw.com
        **KENNETH J. ERICKSON, ESQ.**
        Florida Bar No. 1017793
        kerickson@hahnlaw.com
        *Attorneys for Defendants, Peter Von Berg and Nutra-Luxe M.D., LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this this this 10th day of March, 2022, the foregoing was filed in the CM/ECF e-Filing Portal, which will thereby serve a true and correct copy of the same upon Joseph A. Davidow, Esq., *Attorney for Plaintiff*; Leslie J. Lott, Esq., Ury Fischer, Esq., Charlie Jones, Esq., and Brian Singleterry, Esq., *Attorneys for Defendants, Nutraluxe Global, LLC and Lash OpCo, LLC*, at all email addresses designated by them for service.

By: */s/ Theodore L. Tripp, Jr.*
    **THEODORE L. TRIPP, JR., ESQ.**

## LOCAL RULE 3.01(g) CERTIFICATION

I HEREBY CERTIFY pursuant to Local Rule 3.01(g) the undersigned's office has conferred in good faith with opposing counsel who advised he opposes the motion. The parties conferred on March 9, 2022 via conference call.

By: */s/ THEODORE L. Tripp, Jr.*
    **THEODORE L. TRIPP, JR., ESQ.**

13406963.1