UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDREW HAWRYCH,

    Plaintiff,

v.                                             Case No.: 2:21-cv-830-SPC-MRM

NUTRA-LUXE M.D. LLC,
NUTRALUXE GLOBAL, LLC,
PETER VON BERG and LASH
HOLDCO, LLC,

    Defendants.
_____/

## **OPINION AND ORDER**[1]

On Defendants' motions, the Court dismissed Plaintiff Andrew Hawrych, M.D.'s amended complaint (Doc. 54). (Doc. 64). Dr. Hawrych now moves the Court to reconsider portions of that order. (Doc. 66). Defendants Peter Von Berg and Nutra-Luxe, M.D., LLC oppose the motion. (Doc. 67). For the following reasons, the motion is granted to the extent that Count VII is dismissed with prejudice only as to Lash HoldCo, LLC and Nutraluxe Global; otherwise, the motion is denied.

---

[1] Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

## BACKGROUND

The abbreviated allegations[2] are these: in violation of his oral agreement with Dr. Hawrych, Von Berg sold Nutra-Luxe without notice or compensation to Dr. Hawrych. (Doc. 54 at 2–5). Dr. Hawrych then sued Von Berg, Nutra-Luxe, and the company's successors, Lash HoldCo, LLC and Nutraluxe Global (collectively "Lash-Global"), alleging false advertising (Count I), failure to pay minimum wage (Count II), breach of oral contract (Count III), negligence (Count IV), promissory estoppel (Count V), quantum meruit (Count VI), and unjust enrichment (Count VII). (Doc. 1; Doc. 54).

Von Berg and Nutra-Luxe moved to dismiss Counts II and IV (Doc. 55); Lash-Global moved to dismiss Counts I, IV, and VII (Doc. 56). The Court granted Defendants' motions, dismissed Counts I, II, IV, and VII with prejudice, and declined to exercise supplemental jurisdiction over the state claims that remained. (Doc. 64). Dr. Hawrych moves the Court to reconsider its dismissal of Counts IV and VII. (Doc. 66).

## LEGAL STANDARD

Reconsideration of an order may be justified on three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Cazorla Salinas v.*

---

[2] The Court's order dismissing this case provides a detailed factual background. (Doc. 64).

*Weinkle*, 14–CV–62481, 2015 WL 11198008, at *1 (S.D. Fla. Oct. 2, 2015) (citation omitted). But "[a] motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (citation and internal quotation marks omitted). Reconsideration of a previous order is a rare and extraordinary remedy. *See Schwarz v. Villages Charter Sch., Inc.*, 5:12–CV–177–OC–34PRL, 2015 WL 12856106, at *1 (M.D. Fla. Nov. 17, 2015).

## DISCUSSION

Dr. Hawrych first asks the Court to clarify its order on Count VII for unjust enrichment. (Doc. 66 at 4). The amended complaint names all Defendants in Count VII (Doc. 54 at 17–18), but only Lash-Global argued for its dismissal (Doc. 56). The Court's analysis of the claim addressed Lash-Global's arguments, but its disposition did not distinguish between Lash-Global, Von Berg, and Nutra-Luxe. (Doc. 64 at 18–20, 22). While motions for reconsideration are rarely granted, there is need for a minor correction here.

Accordingly, Count VII is dismissed with prejudice only as to Lash-Global. The Court declines to exercise supplemental jurisdiction over Count VII's unjust enrichment claim related to Von Berg and Nutra-Luxe for the reasons stated in the Court's previous order.

Dr. Hawrych makes more substantive arguments about the Court's dismissal of Count IV. He argues that his negligence claim is based on Von Berg and Nutra-Luxe's breach of their duty to disclose his ownership interest to Lash-Global, while his breach of contract claim is based on Von Berg and Nutra-Luxe's contractual obligation to pay Dr. Hawrych 10% of the sale proceeds.[3] (Doc. 66 at 7). He argues this distinction makes dismissal improper. (*Id.*). Dr. Hawrych also objects to the Court's reference to Justice Pariente's concurrence from *Tiara Condominium Association, Inc.*,[4] in concluding that the independent tort doctrine required dismissal of the negligence count. (Doc. 66 at 8–10).

But Dr. Hawrych briefly approximated these arguments in his response opposing dismissal. (Doc. 57 ¶¶ 65–67). In the present motion, Dr. Hawrych has failed to alert the Court to an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or manifest

---

[3] Dr. Hawrych has characterized Von Berg and Nutra-Luxe's actions vis-à-vis the sale and failure to distribute proceeds as "negligence." But the allegations paint a picture of "intentional" acts rather than "negligent" ones. In Florida, intentional torts are distinct from negligence, and plaintiffs may not employ a negligence theory to recover for intentional torts. *See, e.g.*, Wal–Mart Stores, Inc. v. McDonald, 676 So. 2d 12, 20 (Fla. 1st Dist. Ct. App. 1996), *approved sub nom.* Merrill Crossings Assocs. v. McDonald, 705 So. 2d 560 (Fla. 1997) ("[N]egligent acts are fundamentally different from intentional acts."); *see also* Restatement (Second) of Torts § 282 (1965) ("[Negligence] does not include conduct recklessly disregardful of an interest of others."); *id.* cmt. d ("[The definition of negligence] therefore excludes conduct which creates liability because of the actor's intention to invade a legally protected interest of the person injured or of a third person.").

[4] *Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Cos., Inc.*, 110 So. 3d 399, 408 (Fla. 2013).

injustice. Because the motion attempts to relitigate arguments—or to pursue in earnest arguments that could have been more thoroughly developed earlier—it is denied. See *Wilchombe,* 555 F.3d at 957.

## CONCLUSION

Accordingly, it is

**ORDERED:**

(1) Plaintiff Dr. Hawrych's motion for reconsideration (Doc. 66) is **GRANTED** to the extent that Count VII is **DISMISSED with prejudice** only as to Lash-Global. Otherwise, Dr. Hawrych's motion for reconsideration (Doc. 66) is **DENIED**.

(2) Count VII remains pending against Von Berg and Nutra-Luxe.

(3) The Court will not exercise supplemental jurisdiction over Count VII or the other counts that remain pending. Those counts and this action are **DISMISSED without prejudice**.

(4) The Clerk is **DIRECTED** to enter an amended judgment consistent with this order.

**DONE** and **ORDERED** in Fort Myers, Florida on June 17, 2022.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

5